

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 1, 1960

Dr. J. W. Edgar
Commissioner of Education
Capitol Station
Austin, Texas

Opinion No. WW-957

Re: Whether the wife of a mem-
ber of the governing board
of a Fresh Water Supply
District is eligible to
serve as trustee of an inde-
pendent school district which
purchases and contracts for
its water from such Fresh
Water Supply District and
related question.

Dear Dr. Edgar:

We have your letter of recent date containing
two questions on which you have requested the opinion of
this office. The questions are:

"1. Is the wife of a member of the
governing board of a Fresh Water Supply
District eligible to serve as trustee of
an independent school district which pur-
chases and contracts for its water from
such Fresh Water Supply District?

"2. Is the wife of a stockholder in
a bank which is the depository for an in-
dependent school district eligible to
serve as trustee of such independent school
district?"

Regarding your first question, we have found no
constitutional or statutory provision which would be violated
by the wife of a supervisor of a Fresh Water Supply District
serving as trustee of an Independent School District which
contracts for the purchase of water from such water district,
nor do we feel that such a situation would be violative of the
common law rule of incompatibility. Although this question

concerns the eligiblity of a prospective trustee of an independent school district, it also gives rise to an additional question to wit:  May the Board of Trustees of an independent school district legally contract with a Fresh Water Supply District for its water when one of said trustees is the wife of a supervisor of such water district? It is our opinion that such a contract would not be voided by the marital relationship in question.  It is a well settled rule in Texas that a contract entered into by a public official, in his official capacity, in which he has a personal pecuniary interest, either directly or indirectly, is void, Meyers v. Walker, 276 S.W. 305 (Civ. App., June 1925, no writ history).  However, since the supervisors of such water districts are paid on a day rate, the wife of such a supervisor has no pecuniary interest, directly or indirectly,  in the water supply contract between the independent school district and the water district.

In connection with your second question, we quote from Attorney General's Opinion No. 2785 rendered in September, 1929:

> "'Honorable S. M. N. Marrs
> State Superintendent of Public Instruction
> Austin, Texas

> "'Dear Sir:

> "'This will acknowledge receipt of your letter of September 10th, addressed to the Attorney General.  By this favor, you ask the opinion of the department as to whether a stockholder or director of a corporation serving as depository or treasurer of an independent school district would be eligible for appointment and qualification as trustee of said school district.

> "'We are of the opinion that the two positions present such a conflict of interests as to prevent the holding of the two relationships at one and the same time. The trustees of an indpendent school district have as part of their duty the task of seeing that the treasurer or depository properly manages the fund and moneys of the school

district. It is also incumbent upon the
trustees to see that the school funds are
properly protected by bonds and that the
solvency of the bonds and also the solvency
of the institution should be watched after
to the end that the moneys may always be
properly protected. Innumerable instances
could be recounted where the pecuniary in-
terests of a stockholder in a corporation
would sway the trustee to an act of favori-
tism, at least that an unbiased and non-
interested trustee would resolve against
such depository or treasurer; without attempt-
ing to enumerate these various objections we
conclude that upon the grounds of public
policy the two positions are incompatible and
that, therefore, we must answer your question
by saying that a stockholder or officer of a
corporation acting as a depository for an in-
dependent school district would not be eligible
for appointment or election as trustee of said
school district . . .'"

It is our opinion that said reasons, founded on
public policy, which make a stockholder or director of such
depository ineligible for the office of trustee of an inde-
pendent school district also render the wife of such stock-
holder or director ineligible to serve as such trustee. The
interests of a husband and wife are so closely related that
it would be naive and impractical to draw a distinction bet-
ween them which would result in allowing the wife to serve
as such trustee when the husband is ineligible to so serve
because of the reasons indicated above. Even if our opinion
was to the effect that the wife of such stockholder is eli-
gible to serve as trustee for such independent school dis-
trict, the depository contract between the bank and the
independent school district would be made void by such service
because of the direct pecuniary interest of the wife in such
contract, Meyers v. Walker, supra. If the stock in question
is community property, the wife is vested with her community
share of same and even if such stock is the separate property
of the husband, the wife is entitled to her community share
in all dividends earned by such stock. In either event, the
wife has a direct pecuniary interest in the depository con-
tract in question.

## S U M M A R Y

The wife of a supervisor of a Fresh Water
Supply District which contracts for the
sale of water to an independent school dis-
trict is eligible to serve as trustee of
such independent school district, and present
and future water supply contracts between
such water district and school district are
not made void by said marital relationship
because said trustee has no pecuniary interest
in such contracts.  The wife of a stockholder
in a bank which is the depository for an inde-
pendent school district is not eligible to
serve as trustee of such independent school
district, because of certain reasons indicated
herein which are founded on public policy, and
if such wife were eligible to serve as such
trustee, the depository contract between the
bank and the school district would be made void
by such service due to the pecuniary interest
of such wife in such contract.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Joe B. McMaster
Joe B. McMaster
Assistant

JBM:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John C. Steinberger
W. O. Shultz, II
Joe Allen Osborn
C. Dean Davis

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore